**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| SAMUEL A. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ADVANCE STORES COMPANY, INCORPORATED,<br><br>　　　　Defendant. | Case No:<br><br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

　　The Plaintiff, for his Complaint against the Defendant, alleges and would show as follows:

1. That the Plaintiff is a citizen and resident of Lexington County, South Carolina.

2. That the Defendant Advance Stores Company, Incorporated, is a business corporation organized under the laws of a state other than South Carolina, but authorized to conduct its business within South Carolina and actually conducting its business within South Carolina, including Lexington County; that the Defendant does business under the commercial name "Advance Auto Parts."

3. That the Defendant is subject to the provisions of Title VII of the Civil Rights Act of 1964 and United States Code Section 2000e et seq.

4. That the Plaintiff is a heterosexual male.

5. That on or about October 27, 2022, the Plaintiff was hired by the Defendant initially as a driver, after which almost immediately he became a salesman, at its store located at 253 West Columbia Avenue in Batesburg-Leesville, South Carolina, which is designated store No. 5340 by the Defendant.

6. The Defendant's store manager at the location was Mike Farmer (Farmer), who was a male and who, upon information and belief, to include statements made by Farmer himself, is a homosexual, and this was commonly known by the other employees at that store location.

7. Farmer was the Plaintiff's direct supervisor and there was no one at that location higher up the chain of command than Farmer; that the actions and knowledge of Farmer are imputable to the Defendant on that basis.
8. That the post-hiring training of the Plaintiff was rushed and perfunctory as Farmer required to him to work during the times the Plaintiff was supposed to learning about and reviewing the Defendant's policies and procedures, to include the policies and procedures related to sexual harassment.
9. That beginning on or about November 30, 2022, and continuing through March 17, 2023, the Plaintiff was subjected to an ongoing and relentless campaign of sexual harassment and hostility at work by Farmer to include following statements and actions by Farmer:
    a. Commenting to the Plaintiff when he was bending over to stock items that "I bet you like being bent over." This was said by Farmer to the Plaintiff multiple times in a sexually suggestive manner.
    b. Cupping the Plaintiff's cheeks with his hands.
    c. Telling the Plaintiff that one of his female co-workers was "squirting." This was done during the taking of inventory in front of several other employees, and was said, upon information and belief, to make the Plaintiff uncomfortable with the sexually suggestive nature of the statement.
    d. Telling the Plaintiff to come to the back room and then showing the Plaintiff a container in which there was spilt wax that resembled semen and commenting to the Plaintiff "look what you made me do."
    e. Telling the Plaintiff several times that he should be "bent over a counter" and spanked. This was done in front of customers at least once. On one other occasion when this was said to the Plaintiff Farmer then slapped the Plaintiff in back of his head so hard he developed a headache. On another occasion when this was said Farmer then stated the Plaintiff "would like that too much" if he were to be spanked by Farmer.
    f. Telling the Plaintiff that it was "ass-whipping time" and later texting the same phrase to the Plaintiff.
    g. Telling the Plaintiff, who was working the store register at the time, that the Plaintiff was "a buttfucking whore cum dumpster slut," and Farmer then put his hands over the

2

Plaintiff's ears and head, then repeatedly shaking the Plaintiff's head back and forth. This was done in front of co-worker.

10. That on multiple occasions the Plaintiff told Farmer that he was not a homosexual and that he found Farmer's behavior to be crude, gross, unwelcome, and intolerable.

11. That the Plaintiff made multiple complaints about the actions of Farmer to another supervisor at the store, but no corrective action was taken.

12. That the last occurrence with Farmer was on March 17, 2023, when Farmer called him a "a buttfucking whore cum dumpster slut," and then put his hands over the Plaintiff's ears and head at that time. At that point, the Plaintiff felt that it was unsafe to continue employment with the Defendant and he quit the following day, which was March 18th.

13. That the statements made to the Plaintiff by Farmer and the actions taken against the Plaintiff by Farmer were known to other employees in the store and some were seen and/or heard by other employees at the time.

14. That the Plaintiff's workplace was filled with discriminatory actions by Farmer who ridiculed him, insulted him, and intimidated him with conduct that could only reasonably be understand as explicit or implicit proposals for sexual activity with the Plaintiff to the point that it altered the Plaintiff's work conditions and created an abuse-filled and hostile work environment for the Plaintiff.

15. That the actions of Farmer were so continuous, widespread and notorious that the Defendant had actual or constructive knowledge of the same.

16. That as a direct and proximate result of the actions of Farmer, the Plaintiff sustained emotional distress and mental anguish, he was physically injured as a result of being struck by Farmer, and his family relationships were damaged because of what Farmer did.

17. That upon information and belief the Defendant was aware, or reasonable should have been aware, of similar past actions by Farmer in the workplace prior to the Plaintiff being hired.

18. That the Defendant investigated the actions of Farmer against the Plaintiff only after the Plaintiff quit and, upon information and belief, the Defendant then terminated Farmer.

19. That by means of a Form 5 dated May 10, 2023, which was filed on May 11, 2023, the Plaintiff presented a claim for sexual harassment to the EEOC/South Carolina Human

Affairs Commission, where it was assigned EEOC No. 14C-2023-00584 and SCHAC Complaint Number 2-23-75S, RET.

20. That a Notice of Right to Sue was issued to the Plaintiff on June 12, 2024.

### FOR A FIRST CAUSE OF ACTION
(Hostile Work Environment – 42 U.S.C. § 2000e, *et seq.* - Title VII of the Civil Rights Act of 1964)

21. That the Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.

22. That the Plaintiff's male supervisor, Mike Farmer (Farmer), touched the Plaintiff's cheeks, slapped his head, made numerous sexually suggestive and sexually demeaning comments to the Plaintiff.

23. That the Plaintiff did not consent to this unwanted and unwelcome touching and other behavior, which behavior by Farmer would not have occurred but for Plaintiff being male and Farmer being a male and homosexual.

24. That the conduct of Farmer towards the Plaintiff was sex-specific and was severe and pervasive enough such that it created an objectively abusive and hostile work environment that altered the terms and conditions of the Plaintiff's employment and cause him prolonged mental anguish and emotional distress, lost wages, and other harm.

25. That the actions of Farmer are imputable to the Defendant based both upon Farmer's apex supervisory role at the Defendant's location in Batesburg-Leesville and based upon the Defendant's actual or constructive knowledge of the same without taking corrective action.

26. That as a direct and proximate result of Farmer's conduct, Plaintiff has suffered lost back and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, severe humiliation, attorney's fees and costs, and other damages, for which he should be compensated in such an amount as determined by a jury.

27. That because Farmer's conduct was willful, wanton, and in reckless disregard of the Plaintiff's rights, the Plaintiff is entitled to punitive damages to impress upon Defendant

4

the seriousness of the conduct and deter such conduct in the future to the statutory maximum.

## FOR A SECOND CAUSE OF ACTION
### (Retaliation – 42 U.S.C. § 2000e, *et seq.* - Title VII of the Civil Rights Act of 1964)

28. That the Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.
29. That the Plaintiff engaged in conduct to oppose the sexual harassment he endured at the hands of Farmer to include telling him on multiple occasions that he was not homosexual and that he found Farmer's actions crude and unwelcome; that the Plaintiff also advised other employees of the Defendant of Farmer's sexual harassment to include another supervisor at that location, all in an attempt to get the sexual harassment by Farmer to stop.
30. That as a result his statements to Farmer and others about this sexual harassment by Farmer, he was subjected to continued and worsening hostile acts and statements by Farmer intended to punish him from doing so and to deter him from seeking further redress for the actions of Farmer.
31. That ultimately the Plaintiff was constructively discharged from the Defendant's employment when he reasonably determined he could no longer safely remain employed there in light of the worsening sexual harassment by Farmer and he resigned.
32. That but for his statements to Farmer and others about the sexual harassment he was receiving from Farmer, the Plaintiff would not have been subjected to such retaliatory conduct leading to his constructive termination from the Defendant.
33. That these worsening acts and comments by Farmer would deter a reasonable employee from opposing (or continuing to oppose) sexual harassment prohibited by Title VII of the Civil Rights Act of 1964 or engaging in protected activity regarding such treatment.
34. That as a direct and proximate result of Defendant's retaliation, Plaintiff has suffered lost back and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, severe humiliation, attorney's fees and costs, and other damages, for which he should be compensated in such an amount as determined by a jury.

35. That because Defendant's conduct was willful, wanton, and in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to punitive damages to impress upon Defendant the seriousness of the conduct and deter such conduct in the future to the statutory maximum.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, for relief as requested herein, and for such additional relief as the interests of justice may require.

THE ROBERT COOK LAW FIRM, LLC

BY: s/Robert M. Cook II
ROBERT M. COOK II (Fed'l I.D. No. 5987)
P.O. Box 3575
Leesville, South Carolina 29070
(803) 317-2171 (phone)
(803) 317-2175 (fax)
robcook1965@yahoo.com

Attorney for the Plaintiff

July 3, 2024